MR. JUSTICE MORRISON,
dissenting:
I respectfully dissent from the majority opinion and would hold that the deputies are entitled to the overtime provisions of Section 39-3-405, MCA, which provides that no employer shall employ any employees for workweek longer than 40 hours unless that employer pays one and one-half times the hourly wage rate.
The majority opinion assumes that the Lake County Sheriff established a work period in compliance with the provisions of Section 7-4-2509, MCA. Judge McNeil apparently made the same assumption. The record conclusively shows that no such election was made.
Section 7-4-2509(1), MCA, states:
“Sheriff’s department — work period in lieu of workweek — overtime compensation. (l)(a) A sheriff’s department may establish a work period other than the workweek provided in 39-3-405 or 7-32-2111 for determining when an employee may be paid overtime.
“(b) The aggregate of all work periods in a year, when expressed in hours, may not exceed 2080 hours.” (Emphasis supplied.)
Deputy sheriffs work irregular hours. Some weeks they may work more than 40 hours per week because of working special events. *57 Some weeks they might work less. Counties did not want to be subject to paying time and a half under the minimum wage law, Section 39-3-405, MCA, where deputies work more than 40 hours in one week but less than 40 hours in another week. This situation led to the enactment of Section 7-4-2509, MCA. If a county wished, it could elect to escape the provisions of Section 7-4-2509, MCA, by establishing set work periods where the total hours in a year would not exceed 2,080, which is 40 hours per week times 52 weeks.
Lake County did not ever establish work periods pursuant to Section 7-4-2509, MCA. Therefore, under the clear terms of the statute, Section 39-3-405, MCA, applies.
The majority opinion mistakenly states that the heart of this issue “centers around the Court’s decision in City of Billings v. Smith (1971), 158 Mont. 197, 490 P.2d 221.” The Billings case has no application because in 1981 the legislature enacted Section 7-4-2509, MCA.
The majority opinion correctly points out that the specific controls over the general. Section 7-4-2509, MCA, is the specific statute which controls the disposition of this case. Under that statute, Lake County failed to establish a work period and, by virtue of the statute, is subject to the payment of overtime wages pursuant to the mandate of Section 39-3-405.
This case should be reversed and remanded for proceedings in accordance with the views expressed in this dissent.